**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| YAUHENIYA LAHODA; IVAN SUSLOV,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-73660<br><br>Agency Nos. A088-099-856<br>A088-099-857<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2014[**]

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

Yauheniya Lahoda, a native and citizen of Belarus, and Ivan Suslov, a native

and citizen of Russia, petition for review of the Board of Immigration Appeals'

order dismissing their appeal from an immigration judge's decision denying

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lahoda's application for asylum. Because Lahoda's Application for Asylum was filed after March 11, 2005, we apply the standards set forth in the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's finding that Lahoda was not credible as to the 2006 incident. Lahoda represented that she prepared the entire declaration filed in support of her application herself, when in fact she had copied her description of the 2006 incident from an internet article about the protests. Lahoda's plagiarism and lack of any corroborative evidence are sufficient evidence to support the negative credibility finding. *See id.* at 1048 (adverse credibility finding reasonable under totality of circumstances). Further, Lahoda's explanations for the copying do not compel an opposite result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Lahoda claims that she copied the article because she was not comfortable speaking English and sought a more compelling account of the 2006 incident. Lahoda, however, offers no explanation as to why she felt compelled to copy this particular section, despite having prepared a ten page declaration by herself in English. These facts do not make out one of "the most extraordinary circumstances [that] will justify overturning an adverse credibility determination." *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005).

Substantial evidence also supports the agency's determination that Lahoda did not establish past persecution based on the 2003 and 2007 incidents. *See Gu v. Gonzales*, 454 F.3d 1014, 1020 (9th Cir. 2006) (past persecution not compelled based on single detention and beating that did not require medical treatment); *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (petitioner did not show harm was "part of a pattern of persecution closely tied to" petitioner himself (internal quotations marks omitted)). Further, as Lahoda has not established past persecution, she is not entitled to a presumption of future persecution. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002).

Finally, substantial evidence supports the agency's determination that Lahoda's evidence was insufficient to show a well-founded fear of future persecution on account of her political opinion. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (fear "too speculative" under circumstances of case); *Arriaga-Barrientos v. INS*, 937 F.3d 411, 414 (9th Cir. 1991) (harm not closely tied to petitioner); *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) (fear of persecution "is weakened, even undercut, when similarly-situated family members continue to live in the country without incident"). Accordingly, Lahoda's asylum claim fails.

**PETITION FOR REVIEW DENIED.**